UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SAN RAMON REGIONAL MEDICAL CENTER, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PRINCIPAL LIFE INSURANCE COMPANY, an Iowa corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No: C 10-02258 SBA<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND REMANDING ACTION TO STATE COURT** |

Plaintiff San Ramon Regional Medical Center, Inc., ("Plaintiff") filed the instant action in state court against Defendant Principal Life Insurance Company ("Defendant" or "Principal") alleging state law causes of action for breach of written contract, breach of implied contract, negligent misrepresentation and quantum meruit.  Defendant removed the action to this Court under 28 U.S.C. § 1441(a) on the ground that Plaintiff's claims allegedly are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA").  The parties are presently before the Court on Defendants' motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. 5.  Having read and considered the papers filed in connection with this matter, and being fully informed, the Court hereby DENIES Defendant's motion to dismiss.  Because Plaintiff's claims are not preempted, the Court REMANDS the action for lack of subject matter jurisdiction.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); Civ. L.R. 7-1(b).

I.     **BACKGROUND**

On December 1, 2002, Plaintiff, a medical care provider, entered into a PHCS Participating Facility Agreement ("PHCS Agreement") "to provide medical care at reduced rates to Covered Individuals of Principal's health plans."  Compl. ¶ 6.  Under the terms of the PHCS Agreement, Defendant is obligated to reimburse Plaintiff for medical services provided under the agreement.  Id. ¶ 7.  From July 17, 2007, through July 21, 2007, Plaintiff provided medical services to a Covered Individual ("Patient"), and submitted a claim to Defendant in the amount of $84,351.54, pursuant to the rates set forth in the PCHS Agreement.  Id. ¶ 13.[1]  Allegedly in breach of that agreement, Defendant "incorrectly adjust[ed] the payment thereby underpaying the claim in the amount of $7,356.45."  Id. ¶ 14.  Defendant claims, however, that Plaintiff is seeking reimbursement for "experimental" services that are not covered under the Patient's ERISA-governed health plan ("the Plan").  Def.'s Mot. at 2.

Plaintiff commenced the instant action by filing a Complaint against Defendant in Contra Costa County Superior Court on March 8, 2010.  On May 25, 2010, Defendant removed the action to this Court on the ground that Plaintiff's state law claims are

---

[1] For confidentiality reasons, Plaintiff has not identified the Patient, who is not a party to this action.  Compl. ¶ 5.  Unfortunately, Defendant has made no corresponding effort to maintain the Patient's privacy.  Without submitting a motion to seal, Defendant has inappropriately disclosed the name of the Patient, the name of his employer and the nature and cost of the services provided.  See Notice of Removal at 3; Am. Notice of Removal at 3; Def.'s Mot. at 2, Exs. C, D; Def.'s Reply at 2.  Although there is a presumption in favor of maintaining public access to court records, see Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006), the Court notes that medical records are deemed confidential under the Health Insurance Portability and Accountability Act of 1996, see Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1082 (9th Cir. 2007).  In view of these considerations, the Court finds that the need to protect the Patient's confidential medical information outweighs any necessity for disclosure, and sua sponte seals the aforementioned documents.  See Fed.R.Civ.P 5(e) (authorizing the court, for good cause, to enter a protective order to redact information or limit or prohibit a non-party's access to a document); see also Civ.L.R. 79-5; Gen. Order 62.

completely preempted by ERISA. Notice of Removal at 3, Dkt. 1.[2] In its notice of removal, Defendant avers that the action is removable based on the theory that "Plaintiff's claims are, in fact, claims arising under federal law because they relate to an employee benefit plan." Id. Defendant subsequently filed a motion to dismiss, arguing that all of Plaintiff's causes of action are preempted by ERISA. Dkt. 5. Plaintiff responds that its claims are not preempted because they are based on the PHCS Agreement, and as such, are independent of the Plan. In addition, Plaintiff contends that Defendant's removal and motion to dismiss are meritless and requests the imposition of sanctions.

## II.   LEGAL STANDARD

Before considering [defendant]'s motion to dismiss on the merits…, the district court [has] a duty to ascertain whether it possesse[s] subject matter jurisdiction." United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 965 (9th Cir. 2004). "A defendant may remove an action originally filed in state court only if the case originally could have been filed in federal court." In re NOS Commc'ns, MDL No. 1357, 495 F.3d 1052, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 1441(a), (b)). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). "If a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it...." Sparta Surgical Corp. v. Nat'l Ass'n. Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus, 980 F.2d at 566.

---

[2] Because the original notice of removal did not include a complete copy of the Complaint, as required by 28 U.S.C. § 1446(a), on September 16, 2010, the Court ordered Plaintiff to file a complete copy of the Complaint. Dkt. 25. Defendant complied with the Court's instructions and filed an amended notice of removal on September 17, 2010. Dkt. 26.

## III. DISCUSSION

### A. TEST FOR PREEMPTION UNDER ERISA

"[T]he plaintiff is 'the master of his complaint' and may 'avoid federal jurisdiction by relying exclusively on state law.'" Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000)).  Nonetheless, "there exists a handful of extraordinary situations where even a well-pleaded state law complaint will be deemed to arise under federal law for jurisdictional purposes." Hall v. N. Am. Van Lines, Inc., 476 F.3d 683, 687 (9th Cir. 2007) (internal quotation marks and citation omitted).  "Under the 'artful pleading' doctrine, a well-pleaded state law claim presents a federal question when a federal statute has completely preempted that particular area of law." Id.  When a federal statute "completely preempts the state law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003).

There are two types of preemption under ERISA:  (1) "complete preemption" under § 502(a) of ERISA, 29 U.S.C. § 1132(a); and (2) "conflict preemption" under § 514(a) of ERISA, 29 U.S.C. § 1144(a).  Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 944-45 (9th Cir. 2009).  Complete preemption applies where a complaint asserts a state law cause of action that falls within the scope of one of the civil enforcement provisions of ERISA § 502(a). See Toumajian v. Frailey, 135 F.3d 648, 654 (9th Cir. 1998).  "Complete preemption under § 502(a) is really a jurisdictional rather than a preemption doctrine, as it confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim." Id. (internal quotations and brackets omitted).  In contrast, the conflict preemption provision of ERISA preempts state laws "insofar as they ... *relate to* any employee benefit plan." 29 U.S.C. § 1144(a) (emphasis added).  Of the two types of preemption, only *complete* preemption provides a basis for federal jurisdiction and removal. Marin Gen. Hosp., 581 F.3d at 945-46.

- 4 -

Defendant removed the instant action under ERISA's complete preemption provision. Def.'s Am. Notice of Removal at 3, Dkt. 26. In Aetna Health Inc. v. Davila, 542 U.S. 200 (2004), the Supreme Court held that a two-part test applies to determine whether a state law cause of action is completely preempted by ERISA. "Under Davila, a state-law cause of action is completely preempted if (1) an individual, at some point in time, could have brought the claim under ERISA § 502(a)(1)(B), and (2) where there is no other independent legal duty that is implicated by a defendant's actions." See Marin General Hosp., 581 F.3d at 946 (quoting in part Davila, 542 U.S. at 210) (internal quotations and brackets omitted). "A state-law cause of action is preempted by § 502(a)(1)(B) only if both prongs of the test are satisfied." Id. at 947.

### B. APPLICATION OF THE DAVILA TEST

#### 1. Ability to Assert Rights under ERISA § 502(a)(1)(B)

ERISA § 502(a)(1)(B) provides that a "participant or beneficiary" of an ERISA plan may bring a civil action to, inter alia, "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan…." A participant or beneficiary may assign his or her rights under a health care plan to a medical provider. See Blue Cross of Cal. v. Anesthesia Care Assocs. Medical Group, Inc., 187 F.3d 1045, 1051 (9th Cir. 1999). "[B]ecause a health care provider-assignee stands in the shoes of the beneficiary, such a provider has standing to sue under § 502(a)(1)(B) to recover benefits due under the plan." Id. Where a provider is suing as an assignee, however, its claims are subject to preemption under ERISA. Id.

Here, Plaintiff is *not* suing as an assignee of the Patient's rights under the Plan, but rather, pursuant to contractual rights allegedly conferred by the PCHS Agreement. Although Defendant does not dispute this, it nonetheless appears to argue that Plaintiff has standing by virtue of provisions in the Plan (Part IV, § C, Art. 5(e)) that allow certain payments to be made directly to a medical provider. Def.'s Mot. at 7. According to Defendant, "'[t]he possibility of direct payment is enough to establish subject matter

1  jurisdiction.'"  Def.'s Mot. at 7 (quoting Kennedy v. Conn. Gen. Life Ins. Co., 924 F.2d
2  698 (7th Cir. 1991)).  This contention is misplaced.  In Kennedy, the medical provider was
3  suing *as an assignee* of a plan participant.  Id. at 700.  Here, there is no evidence or
4  allegation that Plaintiff is suing as an assignee of the Patient's rights under the ERISA plan.
5  Moreover, the section of the Plan cited by Defendant merely states that benefits will
6  normally be paid to the Plan "Member," except in certain instances, such as where the
7  benefits are "payable Transplant Network Providers[.]"  See Notice of Removal, Ex. B at
8  GC 5024-2, Dkt. 26-3 at 81.  Notably, there is no mention of any of the Member's rights
9  being assigned to a medical provider nor is there any provision authorizing such a provider
10 to directly enforce rights conferred to Members under the Plan.  Because Plaintiff is neither
11 a participant or beneficiary under the Plan nor is an assignee of such rights, it cannot bring
12 a claim under ERISA § 502(a)(1)(B).  The first prong of the Davila preemption test has
13 therefore not been satisfied.

### 2. Independent Legal Duty

15  The salient inquiry under the second prong of Davila is "whether 'there is no other
16 independent legal duty that is implicated' by a defendant's actions."  See Marin Gen.
17 Hosp., 581 F.3d at 950.  Thus, where a medical provider predicates is suit against an insurer
18 on an agreement other than the health plan, its claims are not preempted.  See id. at 951
19 ("We conclude that the Hospital's state-law claims based on its alleged oral contract with
20 EBAMD [i.e., the plan administrator] were based on an independent legal duty, and that the
21 Hospital's claims therefore do not satisfy the second prong of Davila."); Blue Cross, 187
22 F.3d at 1052 ("In view of the fact that, although beneficiaries of ERISA-covered plans have
23 assigned their rights to reimbursement to the Providers, the Providers are asserting state law
24 claims *arising out of separate agreements for the provision of goods and services*, we find
25 no basis to conclude that the mere fact of assignment converts the Providers' claims into
26 claims to recover benefits under the terms of an ERISA plan.") (emphasis added); accord
27 Doctors Hosp. of Manteca, Inc. v. United Agr. Ben. Trust, No. S-06-1936 WBS, 2006 WL
28 3147441, at *3 (E.D. Cal. Oct. 31, 2006).

In the instant case, Plaintiff's claims are based on allegations that Defendant improperly discounted its payment in violation of the PHCS Agreement. E.g., Compl. ¶¶ 6, 7, 19. As such, Plaintiff has alleged Defendant's actions implicate a legal duty *independent of* the Plan. See Marin Gen. Hosp., 581 F.3d at 950-51. In response, Defendant denies that the PHCS Agreement affords Plaintiff any right to additional payments, and that instant dispute relates to whether Defendant is obligated under the Plan to pay for non-covered services. Def.'s Mot. at 3, 6. This contention also lacks merit. Plaintiff has expressly alleged that Defendant's obligations derive from the PHCS Agreement—not the Plan. The possibility that Plaintiff's contract and tort claims may "relate to" the Plan is insufficient for preemption purposes. See Marin Gen. Hosp., 581 F.3d at 950-51 (whether claims "relate to" an ERISA plan is germane only to conflict preemption, and thus is inapposite for purposes of subject matter jurisdiction). Rather, "[t]he question under the second prong of Davila is whether the complaint relies on a legal duty that arises independently of ERISA." Id. As discussed, the Complaint alleges the existence of such an independent duty. Accordingly, the Court finds that the second prong of Davila has not been satisfied.

### C. REQUEST FOR SANCTIONS

In its opposition, Plaintiff requests the imposition of sanctions against Defendant for improperly removing this case and for bringing the instant motion to dismiss. Pl.'s Opp'n at 17. Plaintiff neglects to identify the legal basis of its request. To the extent that Plaintiff is relying on Federal Rule of Civil Procedure 11, Plaintiff has failed to file a separate motion for sanctions or abide by the "safe harbor" requirements contained in the rule. Fed.R.Civ.P. 11(c)(2) (requiring that sanctions motion be made "separately" and requiring a 21-day safe harbor period, during which time the opposing party is permitted to withdraw the offending filing without being subject to sanctions). Likewise, an award of fees and costs for an improvident removal, pursuant to 28 U.S.C. § 1447(c), is likewise inappropriate. Section 1447(c) provides, in relevant part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. § 1447(c). "Absent unusual circumstances,

courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  Here, the Court finds that, while unpersuasive, Defendant's arguments are not objectively unreasonable.  Plaintiff's request for sanctions is therefore denied.

## IV. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1. Defendant's motion to dismiss is DENIED.

2. Plaintiff's request for sanctions is DENIED.

4. The Clerk shall seal the following documents:

    a. Notice of Removal, Dkt. 1;

    b. Amended Notice of Removal, Dkt. 26;

    c. Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.C.P. 12(b)(6), Dkt. 5; and

    d. Defendant's Reply Brief in Support of its Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.C.P. 12(b)(6), Dkt. 17.

5. The instant action is REMANDED to the Superior Court of California, Contra Costa County.  The Clerk shall close the file and terminate any pending matters and deadlines.

IT IS SO ORDERED.

Dated:  January 10, 2011

                                                  */s/ Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge